**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RAUL GARCIA and** | § | |
| **ALEXANDRIA GARCIA,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-2460-L** |
| | § | |
| **UNIVERSAL MORTGAGE** | § | |
| **CORPORATION, et al.,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendants' Motion to Dismiss Plaintiffs' Original Petition, filed September 7, 2012. No response to the motion was filed by Plaintiffs. After careful consideration of the motion, pleadings, record, and applicable law, the court **grants** Defendants' Motion to Dismiss Plaintiffs' Original Petition.

**I.      Background**

This case concerns a mortgage foreclosure dispute. On October 28, 2005, Plaintiffs Raul Garcia and Alexandria Garcia ("Plaintiffs") obtained a mortgage loan (the "Loan") to purchase property located at 14121 South Pass Road, Balch Springs, Dallas County, Texas (the "Property"). The mortgage was secured by a deed of trust ("Deed of Trust") in favor of Universal Mortgage Corporation ("Universal").

Plaintiffs originally filed this action on June 29, 2012 in the 116th Judicial District Court of Dallas County, Texas, asserting claims against Universal;[1] Capital Title of Texas ("Capital");[2] Federal National Mortgage Association ("Fannie Mae"); U.S. Bank National Association ("U.S. Bank"); U.S. Bank Home Mortgage;[3] and various unknown entities identified as Does 1 through 50. In Plaintiffs' Original Petition (the "Petition"), Plaintiffs allege causes of action for breach of good faith and fair dealing; breach of fiduciary duty; violation of the Truth in Lending Act, 15 U.S.C. §§ 1601, *et. seq.* ("TILA"); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et. seq.* ("RESPA"); unfair and deceptive business act practices; fraud; and unconscionability arising from the underwriting, origination and servicing of Plaintiffs' loan and initiation of foreclosure proceedings against the Property. Plaintiffs also seek rescission of the loan on the Property; declaratory relief declaring that Defendants lack authority to foreclose the Property because U.S. Bank is not the owner of the note securing the deed of trust; compensatory, special, general, treble, and punitive damages; restitution; and attorney's fees and court costs.

Defendants U.S. Bank and Fannie Mae (collectively "Defendants") removed this action to federal court on July 20, 2012, on the basis of diversity and federal question jurisdiction. On September 7, 2012, Defendants moved to dismiss Plaintiffs' claims under Rule 12(b)(6) of the

---

[1] According to Defendants U.S. Bank National Association and Federal National Mortgage Association, Universal was not served and has made no appearance in this action. Moreover, the docket sheet does not reflect service on Universal. Accordingly, the court determines that Universal is not a party to this action, and it has no personal jurisdiction over this defendant.

[2] Capital is no longer a party to this suit and has been dismissed from this action pursuant to a Joint Stipulation of Dismissal, filed November 26, 2012.

[3] U.S. Bank Home Mortgage is a division of U.S. Bank National Association. Plaintiffs list "U.S. Bank Home Mortgage" in the caption of their Original Petition but do not include it as a party in the body of the Petition. According to Defendants, no citation has been issued for U.S. Bank Home Mortgage in the state court action. Moreover, U.S. Bank Home Mortgage is not listed on the docket sheet as having been served. The court therefore determines that U.S. Bank Home Mortgage is not a party to this lawsuit, and it has no personal jurisdiction over this defendant.

**Memorandum Opinion and Order - Page 2**

Federal Rules of Civil Procedure.  As noted above, Plaintiffs did not file a response to Defendants'

motion to dismiss.  On December 4, 2012, Defendants filed a Notice of Non-filing, requesting that

the motion to dismiss be submitted to the court as unopposed and that the court grant the motion.

Plaintiffs did not file a response to Defendants' notice.

## II.      Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517

F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(internal citations omitted).  While a complaint need not contain detailed factual allegations, it must

set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a

complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks,

citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled

to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).   The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).   Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).   While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).   Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*. R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).   The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).   Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether

they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

A statute of limitations may warrant dismissal of a claim pursuant to Rule 12(b)(6) when it is apparent from a plaintiff's pleadings that the claim is time-barred and the pleadings fail to raise some ground for tolling the statute.  *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003) (citation omitted).

## III.    Analysis

### A.    Breach of the Duty of Good Faith and Fair Dealing

Plaintiffs' Petition asserts claims against Defendants and others for "the contractual breach of [the] implied covenant of good faith and fair dealing."  Pls.' Original Pet. ¶ 44.  According to Plaintiffs, Defendants breached this duty by: (1) withholding numerous disclosures; (2) withholding notices in regard to underwriting standards, the use of "GDW Cost of Savings"as the index for the basis of this loan, and failing to disclose when negative credit scores were disseminated; and (3) wilfully placing Plaintiffs in a loan that they did not qualify for and could not afford. *Id.*  This claim appears to be based on general allegations in the beginning of the Petition that Universal did not comply with various laws and standards in entering the mortgage transaction and that the loan was underwritten without proper due diligence by Universal. *See id.* ¶¶ 19, 20. Defendants respond that there is no implied duty of good faith and fair dealing between a mortgagor and mortgagee recognized under Texas law, and as such their claims for breach of the duty of good faith and fair

dealing fail as a matter of law and must be dismissed. Defs.' Mot. to Dismiss Pls.' Orig. Pet. 10-11. The court agrees.

In Texas, absent a special relationship, there is no duty of good faith or fair dealing unless it is expressly created by contract. *See UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App. Corpus Christi 2005, pet. denied) ("[A]bsent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort.") (citations omitted). Under Texas law, "[t]he relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith" because "Texas courts have found no special relationship between a mortgagor and a mortgagee . . . that would impose an independent common law duty of good faith and fair dealing." *Id.* (citations omitted); *see also Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 709-10 (Tex. 1990).

Plaintiffs style their claim in the Petition as that for "Contractual Breach of Implied Covenant of Good Faith and Fair Dealing." Plaintiffs appear to conflate a *contractual* duty of good faith and fair dealing with an *implied* duty of good faith and fair dealing. Although Plaintiffs allege in the Petition that the "terms of the loan imposed upon Defendants a duty of good faith and fair dealing," they point to no specific provision in the loan documents imposing a contractual duty of good faith and fair dealing upon Defendants. Orig. Pet. ¶ 42. Therefore, the court construes the Petition as alleging a breach of an *implied* duty of good faith and fair dealing, rather than a contractual duty. Because Texas courts have not recognized a special relationship between a mortgagor and mortgagee that would imply such a duty of good faith and fair dealing, Plaintiffs' claims on this ground necessarily fail as a matter of law. Accordingly, the court determines that Plaintiffs fail to state a

claim upon which relief may be granted as a matter of law with respect to this claim and the court will dismiss this claim.

### B.        Breach of Fiduciary Duty

Plaintiffs allege that "Defendants owed a fiduciary duty to Plaintiffs and breached that duty by failing to advise or notify Plaintiffs when Defendants' broker knew or should have known that Plaintiffs will or has a likelihood of defaulting on the loan." Orig. Pet. ¶ 74.  According to Plaintiffs, Defendants owe a fiduciary duty to Plaintiffs as borrowers to not place them in a loan they cannot afford.  *Id.*  Defendants counter that Plaintiffs fail to state a claim for breach of fiduciary duty because Texas courts do not recognize a fiduciary duty owed by a lender to a borrower.  Defs.' Mot. to Dismiss Pls.' Orig. Pet. 11.  The court agrees.

Under Texas law, the elements of a breach of fiduciary duty claim are: "(1) a fiduciary relationship between the plaintiff and the defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Navigant Consult., Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.    Dallas 2006, pet. denied)).  Plaintiffs' breach of fiduciary duty claim fails to satisfy these elements, as there is no fiduciary relationship between the parties.

"Texas law recognizes two types of fiduciary relationships.  The first, a formal fiduciary relationship, 'arises as a matter of law and includes the relationships between attorney and client, principal and agent, partners, and joint venturers.'" *Id.* (citing *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 508 (Tex. App.    Houston [1st Dist.] 2003, no pet.).  "The second, an informal fiduciary relationship, 'may arise where one person trusts in and relies upon another, whether the

**Memorandum Opinion and Order - Page 7**

relationship is a moral, social, domestic, or purely personal one.'" *Id.* (quoting *Jones*, 196 S.W.3d at 449)). "But not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship," however. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176-77 (Tex. 1997) (citation omitted); *see also Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007). "To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Williams*, 504 F. Supp. 2d at 192 (quoting *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998)). In the borrower-lender context, Texas courts have declined to recognize the existence of fiduciary relationship. *Id.* (citing *1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital*, 192 S.W.3d 20, 36 (Tex. App. Houston [14th Dist.] 2005, pet. denied)).

Here, the court determines that there is no fiduciary relationship between Plaintiffs and Defendants recognized under Texas law. While Plaintiffs may have held a subjective belief that Defendants had a duty not to place them "in harm[']s way," Orig. Pet. ¶ 75, "mere subjective trust does not, as a matter of law, transform arm's-length dealing into a fiduciary relationship." *Schlumberger*, 959 S.W.2d at 177 (citation omitted). Because Texas law does not recognize a fiduciary duty between Plaintiffs and Defendants, the claims for the breach of fiduciary duty fail as a matter of law, and the court will dismiss this claim.

### C.    TILA

Plaintiffs allege that Defendants violated the TILA by failing to provide them with accurate and required material disclosures. Orig. Pet. ¶ 48. Defendants counter that Plaintiffs' claims under the TILA fail because they are barred by the statute of limitations. Moreover, Defendants argue that

Plaintiffs fail to state a claim under the TILA because it sets forth disclosure requirements for creditors only and against an assignee such as Fannie Mae only if the violation is "apparent on the face of the disclosure statement," which Plaintiffs have failed to allege.  15 U.S.C. § 1641(a). Further, Defendants argue that Plaintiffs' TILA claims otherwise fail because they do not and cannot plead sufficient facts to maintain a claim on this ground against Defendants.  Defs.' Mot. to Dismiss Pls.' Orig. Pet. 11.  The court agrees.

"Concluding a credit transaction without giving the required disclosures constitutes a TILA nondisclosure violation."  *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (citation omitted).  A claim alleging violations of the TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  A violation occurs when the transaction is consummated.  *Moor*, 784 F.2d at 633.  According to the Petition, the loan agreement was executed on October 28, 2005.  Thus, that is the date the transactions were consummated, and the limitations period began.  Plaintiffs' suit for monetary damages under the TILA was initiated on June 29, 2012, more than six years after the loan transaction.  Thus, Plaintiffs' claim for monetary damages under TILA is time-barred.  "Nondisclosure is not a continuing violation for purposes of the statute of limitations."  *Id.*  Thus, Plaintiffs' allegations based on violations of the TILA fail to state a claim upon which relief can be granted.

Plaintiffs contend, in conclusory fashion, that "[a]ny and all statute[s] of limitations relating to disclosures and notices . . . were tolled due to Defendants' failure to effectively provide the required disclosures and notices."  Orig. Pet. ¶ 49.  The limitations period under the TILA may be tolled under certain circumstances.  "To clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and despite the exercise

of due diligence, he was unable to discover that conduct." *Moor*, 784 F.2d at 633.  In *Moor*, the court recognized the general applicability of the fraudulent concealment doctrine but refused to apply it where the defendant simply failed to disclose the required information.  Thus, mere nondisclosure does not provide sufficient grounds for tolling the statute of limitations.  Because Plaintiffs have set forth no allegations for the argument that equitable tolling applies, other than the mere nondisclosure of the required notices, Plaintiffs have failed to meet the burden required for equitable tolling of the statute of limitations.

Moreover, Defendants are correct that the TILA sets forth disclosure requirements for creditors only, which does not include mortgage servicers "unless the servicer is or was the owner of the obligation." *See* 15 U.S.C. §§ 1602(g), 1641(f)(1); *see also Consumer Solutions REO, LLC v. Hillery*, No. C-08-4357 EMC, 2010 WL 144988, at *3 (noting that the "TILA allows for a suit against a creditor or an assignee but not a servicer except under narrow circumstances").  As there is no allegation by Plaintiffs in the Petition that U.S. Bank participated in the origination and closing of the Loan, or that it is, or was, the owner of the obligation, the court determines that Plaintiffs' claim against U.S. Bank under the TILA necessarily fails as a matter of law.  With respect to Plaintiffs' claim against Fannie Mae under the TILA, although the Petition does not allege that Fannie Mae is an assignee to the mortgage, the court assumes that because there is also no allegation that Fannie Mae participated in the origination and closing of the Loan, Plaintiffs seek to hold Fannie Mae liable under the TILA as an assignee. *See* 15 U.S.C. § 1641.  The court agrees with Defendants that a prerequisite to holding Fannie Mae liable as an assignee under the TILA is that the violation must be "apparent on the face of the disclosure statement," and that Plaintiffs have failed to allege any specific facts which demonstrate that the TILA violations they are alleged are readily apparent.

**Memorandum Opinion and Order - Page 10**

Plaintiffs merely allege that "Defendants violated [the] TILA by failing to provide Plaintiffs with accurate material disclosures required under [the] TILA and not taking into account the intent of the State Legislature in approving this statute . . . ." Orig. Pet. ¶ 48.  The court is unable to determine from Plaintiffs' allegations exactly how Defendant Fannie Mae  violated the TILA, as Plaintiffs provide no details as to the particular items that were required to be disclosed to them that were not disclosed, or the particular provision of the TILA that Fannie Mae allegedly violated.  Therefore, the court concludes that Plaintiffs also fail to state a claim for a violation under the TILA against Fannie Mae.

Accordingly, as a matter of law, Plaintiffs cannot state a claim upon which relief can be granted with respect to violations under the TILA, as they are barred by the statute of limitations, and the court will dismiss this claim.

**D.     RESPA**

While not clearly stated in the Petition, Plaintiffs' RESPA claim also appears to be premised on allegations that "all Defendants" failed to provide material disclosures and additional contentions that "all Defendants" are liable for alleged improper payments exchanged between the original lender and any mortgage brokers during the loan closing and origination process.  *See* Orig. Pet. ¶ 56 ("The interest and income that Defendants have gained is disproportionate to the situation Plaintiffs find themselves in due directly to Defendant's [sic] failure to disclose that they will gain a financial benefit while Plaintiffs suffer financially as a result o[f] the loan product sold to Plaintiffs."); *see also id.* ¶ 58 ("Defendants violated RESPA because the payments between Defendants were misleading and designed to create a windfall.").  Claims brought pursuant to RESPA must be brought within one or three years, depending upon the statutory provision that is alleged to have been

violated.  12 U.S.C. § 2614.  Plaintiffs, however, do not state the specific provision of RESPA that it alleges Defendants violated.

In response, Defendants argue that Plaintiffs have failed to state a claim under RESPA because this claim is barred by the statute of limitations.  Defs.' Mot. to Dismiss Pls.' Orig. Pet. 11-13.  Moreover, Defendants argue that the allegations upon which Plaintiffs' claim is based deal with the origination of the loan and Plaintiffs do not allege that U.S. Bank or Fannie Mae participated in the origination and closing of the loan.  *Id.* at 13.  Defendants assert that even if they could be held vicariously liable for conduct undertaken by Universal and other parties who participated in the origination of the loan    which they contend they cannot    Plaintiffs fail to set forth nonconclusory allegations detailing how Universal or any purported mortgage broker acted in violation of RESPA.  *Id.* at 14-15.

As noted earlier, the Petition alleges that the Loan agreement was executed on October 28, 2005, and Plaintiffs' suit for monetary damages under RESPA was initiated on June 29, 2012, more than six years after the loan transaction.  Thus, the court agrees with Defendants that Plaintiffs' claim for monetary damages under RESPA is time-barred.  Plaintiffs do not assert a tolling argument with respect to their RESPA claims, however, Defendants argue that the doctrine of equitable tolling under RESPA is available only in rare and exceptional circumstances that are not present here.   The court agrees.  Plaintiffs fail to assert any specific, nonconclusory allegations in support of their RESPA claim that would demonstrate that equitable tolling is applicable here.   Accordingly, the court determines that Plaintiffs' allegations "do not set forth rare and exceptional circumstances" that would warrant equitable tolling of Plaintiffs' RESPA claim.  *McCrimmon v. Wells Fargo Bank, N.A.*, No. 12-20230, 2013 WL 1152719, at *2 (5th Cir. Mar. 13, 2013) (holding that the district court did

not abuse its discretion in refusing to exercise equitable tolling because plaintiff's "vague and conclusional" RESPA claims that defendants concealed kickbacks and failed to inform her she could not afford the mortgage loans did "not set forth rare and exceptional circumstances" in which equitable tolling would be appropriate).   The court therefore determines that Plaintiffs have failed to state a claim against Defendants for a violation of RESPA as a matter of law, and it will dismiss this claim.

### E.      Unfair and Deceptive Business Act Practices

Plaintiffs allege a claim against Defendants for unfair and deceptive business act practices. In support of their claim, Plaintiffs allege that "all Defendants" "placed Plaintiffs in a loan, by way of stated income and misleading facts, which they should have never been approved for because they could not afford it."  Orig. Pet. ¶ 72.  Plaintiffs do not state which statute they seek to assert this claim under; however, the court construes this to be a claim brought under the Texas Deceptive Trade Practices Consumer Protection Act ("TDCPA").  Defendants argue that Plaintiffs TDCPA claim fails because they have failed to assert any facts which establish the necessary elements of a TDCPA claim.  Defs.' Mot. to Dismiss Pls.' Orig. Pet. 21.

The  TDCPA  permits  a  consumer  to  sue  for  threats,  coercion,  harassment,  abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt.  Tex. Fin. Code § 392.001, *et seq*.  A "consumer" is "an individual who has consumer debt."  *Id.* § 392.001(1).  "Consumer debt" is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction."  *Id.* § 392.001(2).  Further, the TDCPA defines "debt collection" as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor."

*Id.* § 392.001(5).  Nothing in these definitions excludes coverage under the TDCPA for foreclosures on real property that secures a residential mortgage, and this court has previously held that the TDCPA can apply to acts of foreclosure on real property.  *Marquez v. Federal Nat'l Mortg. Ass'n*, 3:10 CV 02040 L, 2011 WL 3714623, at *4 (N.D. Tex. Aug.23, 2011); *see also Biggers v. BAC Home Loans Serv., LP*, 767 F. Supp. 2d 725, 731 (N.D. Tex. 2011).

The court nonetheless determines that Plaintiffs have failed to assert any facts that would support a claim under the TDCPA.  Plaintiffs have not identified a provision under the TDCPA    or any other statute for that matter    that Defendants allegedly violated or any specific facts supporting a violation of any such provision.  Plaintiffs assert vague and conclusory allegations that Defendants "failed to undergo a diligent underwriting process" and "placed Plaintiffs in a loan, by way of state income and misleading facts, which they should have never been approved for because they could not afford it." Orig. Pet. ¶ 72.  These allegations solely go to the origination and closing of the Loan, and not to the collection of any debt.  Thus, Plaintiffs have failed to state a claim upon which relief may be granted under the TDCPA.

### F.   Fraud

Plaintiffs assert a claim for fraud against "all Defendants."  In support of their fraud claim, Plaintiffs allege that "Defendants intentionally, willfully and wantonly engaged in the acts with the purpose of deceiving Plaintiffs and inducing them to part with their personal and real property state income."  Orig. Pet. ¶ 66.  Further, Plaintiffs allege that "Defendants engaged in the unlawful suppression of facts or circumstances by one of the parties to a contract from the other, for self-serving purposes and financial gain, which in justice ought to be made known."  *Id.* ¶ 68.  In response, Defendants contend that Plaintiffs' fraud claim must be dismissed as a matter of law

because Plaintiffs: (1) failed to plead the claim with sufficient particularity; (2) do not and cannot allege facts establishing justified, detrimental reliance; and (3) are precluded from maintaining their fraud claim because it is barred by the economic loss rule.  The court agrees.

A fraud claim under Texas law is actionable when: (1) a material misrepresentation was made; (2) the representation was false; (3) the falsity of the representation was known to be false when made or was asserted without knowledge of its truth; (4) the representation was intended to be acted upon; (5) the representation was relied upon; and (6) injury occurred as a result.  *See Arete Partners, L.P. v. Gunnerman*, 594 F.3d 390, 394 (5th Cir. 2010) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

Rule 9(b) of the Federal Rules of Civil Procedure contains a heightened pleading standard and requires a plaintiff to plead the circumstances constituting fraud with particularity.  *See* Fed. R. Civ. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."  *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997).  "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out" with respect to a fraud claim.  *Benchmark Elecs., Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

The court determines that Plaintiffs have failed to plead their fraud claim with the requisite particularity.  Plaintiffs do not sufficiently identify the specific representations by Defendants that they allege were fraudulent, explain how the representations were material, how the representations were false, or detail the specific individuals who made the representations, nor do Plaintiffs explain

how they changed their position based on the representations at issue, and how they were harmed as result.  Instead, Plaintiffs contend, that "all Defendants" engaged "in the acts" and "in the unlawful suppression of facts or circumstances"   which acts, facts or circumstances Plaintiffs are referring to is unclear.  Such allegations fail to identify the "who, what, when, where and how" of Plaintiffs' fraud claim, and as such, fail to satisfy the minimum pleading standards of Rule 9(b).

In any event, the court agrees with Defendants that Plaintiffs' fraud claim is also barred by the economic loss rule.  Under Texas law, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."  *Lamar Homes, Inc. v. Mid Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007).  Thus, tort damages are generally not recoverable if the defendants' conduct "would give rise to liability only because it breaches the parties' agreement."  *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991).  Tort damages are recoverable, however, if the defendants' conduct "would give rise to liability independent of the fact that a contract exists between the parties."  *Id.*  In *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617 (Tex. 1986), the Texas Supreme Court explained: "The nature of the injury most often determines which duty or duties are breached.  When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."  *Id.* at 618; *see also DeLanney*, 809 S.W.2d at 494 ("When the only loss or damage is to the subject of the contract, the plaintiff's action is ordinarily on the contract.").  Here, Plaintiffs' allegations of loss pursuant to their fraud claim are directly related to the Loan and arise solely from their contractual relationship with Defendants under the Loan and Deed of Trust.  Therefore, the economic loss rule precludes their fraud claim because Plaintiffs have not shown that they have suffered any loss independent of

the mortgage loan contract.  Accordingly, Plaintiffs have failed to state a claim for fraud as a matter of law, and the court will dismiss this claim.

### G.    Unconscionability

Plaintiffs appear to allege the entire loan agreement and trust deed are unconscionable under Uniform Commercial Code ("UCC") § 2-302[4] "based on the deception, unfair bargaining position, lack of adherence to the regulations, civil codes and federal standards that the Defendants were required to follow; coupled with the windfall that the Defendants reaped financially from their predatory practices upon Plaintiffs."   Orig. Pet. ¶ 82. Defendants counter that because unconscionability is not an affirmative claim, but instead, an affirmative defense, Plaintiffs are unable to state a plausible claim for relief against them on this basis and  such claim should be dismissed.  Defs.' Mot. to Dismiss Pls.' Orig. Pet. 22.

The court first notes that Plaintiffs purport to bring a claim under the UCC, which is not itself law anywhere in the United States.  The UCC is a model code, drafted by private organizations, and has no legal effect in a jurisdiction unless its provisions have been enacted into law by that state's legislature. *See Linear Tech. Corp. v. Micrel, Inc.*, 275 F.3d 1040, 1048 (Fed. Cir. 2001).  Texas has adopted the UCC, and the corresponding section on unconscionability, section 2.302 of the Texas

---

[4] The Petition refers to "UCC 2-3202," which is the section under the UCC addressing unconscionability.  Texas has adopted the UCC and has codified it into the Texas Business and Commerce code under section 2.302.  Because Plaintiffs do not state that they are referring to the Texas UCC and cite to section 2-3202, which corresponds to the UCC's section on unsconscionability in contract, the court construes the Petition to purportedly bring a claim pursuant to the UCC and not the Texas UCC.

Business and Commerce Code, would be the proper provision for Plaintiffs to cite to in asserting a claim for unconscionability under UCC principles.[5]

"Under Texas law, the party asserting unconscionability of a contract bears the burden of proving *both* procedural and substantive unconscionability." *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App. Waco 2005, pet. denied) (citations omitted). The procedural aspect is concerned with assent and focuses on the facts surrounding the bargaining process. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 499 (Gonzalez, J., concurring) (Tex. 1991). The substantive aspect is concerned with the fairness of the resulting agreement. *Id.* The grounds for substantive abuse must be sufficiently shocking or gross to compel the court to intercede, and the same is true for procedural abuse the circumstances surrounding the negotiations must be shocking. *Ski River*, 167 S.W.3d at 129.

The court agrees with Defendants that unconscionability is generally raised as a defense to the enforcement of a contract. Although Plaintiffs initiated this lawsuit, and Defendants have not counterclaimed for breach of contract, Plaintiffs raise the issue of unconscionability in response to

---

[5] There is no definition of unconscionability in section 2.302 of the Texas Business and Commerce Code. Instead, section 2.302 provides:

(a) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

(b) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

Tex. Bus. & Com. Code § 2.302.

**Memorandum Opinion and Order - Page 18**

what appears to be a nonjudicial foreclosure the property.[6]  It is unclear whether Plaintiffs may assert

unconscionability as a defense to a nonjudicial foreclosure.  *See, e.g.*, *Belanger v. BAC Home Loans

Servicing, L.P.*, 839 F. Supp. 2d 873, 879-80 (W.D. Tex. 2011) (assuming, without deciding, because

the defendant did not argue otherwise, that Plaintiffs could raise unconscionability of the underlying

loan agreement as a valid defense to a nonjudicial foreclosure).  Even assuming that Plaintiffs may

raise the issue of unconscionability in this manner, the court determines that this claim is deficient

as pleaded.  Plaintiffs neither state which contractual provisions are unconscionable nor explain why

they are unconscionable.  Instead, Plaintiffs merely provide conclusory statements that the loan

agreement and the Deed of Trust are unconscionable because of "the deception, unfair bargaining

position, lack of adherence to the regulations, civil codes, and federal standards that the Defendants

were required to follow."  Orig. Pet. ¶ 82.  These conclusory allegations are woefully inadequate.

The court therefore concludes that the unconscionability claim is not supported by sufficient factual

allegations, and Plaintiffs have failed to state a claim upon which relief can be granted.

### H.    Rescission

In addition, Plaintiffs seek rescission of the Loan.  According to Plaintiffs, they "are entitled

to rescind the loan for all of the foregoing reasons: 1) TILA Violations; 2) Failure to provide a

Mortgage Loan Origination Agreement; 3) Fraudulent Concealment; and 4) Public Policy Grounds,

each of which provides independent grounds of relief."  Orig. Pet. ¶ 61.  In support of this

contention, Plaintiffs allege only facts regarding Defendants' alleged TILA violations.  *See id.* at

¶ 62.  In response, Defendants argue that Plaintiffs are not entitled to rescind the Loan under the

---

[6] Neither Plaintiffs nor Defendants state whether the underlying foreclosure proceedings were initiated nonjudicially.  Because there is no allegation of Defendants initiating foreclosure proceedings in court, the court assumes that this action involves a nonjudicial foreclosure.

TILA because it constitutes a residential mortgage transaction, which is exempted under the TILA's rescission rules. Defs.' Mot. to Dismiss Pls.' Orig. Pet. 15-16. The court agrees.

For some covered transactions, the TILA allows a consumer three days following the consummation of the transaction or delivery of the information and rescission forms required to be delivered, whichever is later, to rescind a credit contract, and consumers are required to provide notice of rescission. 15 U.S.C. § 1635(a); *see also In re Clayton*, 30 F.3d 1490, 1994 WL 397639, at *2 (5th Cir. 1994). The right to rescind, however, "is extended whenever the 'information and rescission forms' and 'material disclosures' are not delivered during the course of the transaction. In such a case, the right to rescind will remain open for up to three years until the appropriate forms are delivered." *Calhoun v. Homeowners Friend Mortg. Co., Inc.*, 2010 WL 3802704, at *3 (E.D. La. Sept. 20, 2010) (quoting 15 U.S.C. § 1635(a), (f). Subsection (e), however, states that the right of rescission in § 1635 "does not apply to . . . a residential mortgage transaction as defined in section [1602(x)] of this title." Under the TILA, a "residential mortgage transaction" "means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x). Here, Plaintiffs allege, and as evidenced by documents attached to Defendants' Motion to Dismiss, the mortgage loan is secured by a deed of trust that grants an interest in the Property. *See* Orig. Pet. ¶ 18; App. in Support of Defs.' Mot. to Dismiss Pls.' Pet. 006-024. Because Plaintiffs obtained the loan to purchase the property, the loan transaction is exempted from the TILA's rescission remedy. S*ee* 15 U.S.C. §§ 1620(x), 1653(e) and 12 C.F.R. § 226.23(f)(1).

Furthermore, Defendants, citing *Fowler v. Wells Fargo Bank, N.A.*, No. 10-3933-EDL, 2011 WL 175506 (N.D. Cal. Jan. 18, 2011), a district court case from the Northern District of California, argue that Plaintiffs are not entitled to rescind the loan because they have not alleged that they have tendered, or are able to tender, the total amount due under the loan.[7]  The court notes, however, the Ninth Circuit, in which the Northern District of California is located, has held that trial courts have discretion to dismiss a TILA rescission claim for inability to tender proceeds without first determining if the TILA was violated.  *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003); *see also Hogan v. NW Trust Services, Inc.*, 441 F. App'x 490, at *1 (9th Cir. 2011). Accordingly, district courts within the Ninth Circuit, have dismissed TILA rescission claims when the plaintiffs did not allege the ability to tender the proceeds of the loan.  *See Garcia v. Wachovia Mort. Corp.*, 676 F. Supp. 2d 895, 901 (C.D. Cal. 2009) (collecting cases).[8]  The Fifth Circuit has not addressed whether a borrower need allege tender or ability to tender in support of a TILA rescission claim to survive on a motion to dismiss.  Nonetheless, in light of the court's prior conclusion that Plaintiffs' loan transaction is exempted from the remedy of rescission provided by the TILA, the court finds it unnecessary to address this issue.  Accordingly, the court holds that Plaintiffs have failed to state a claim for rescission under the TILA.

---

[7] Defendants also cite to *White v. BAC Home Loans Servicing, LP*, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010); however, the plaintiff in that case did not seek a statutory claim for rescission under the TILA but instead sought "the equitable remedy of rescission."

[8] The court notes that unlike the district courts in *Garcia* and in the cases referenced therein, the district court in *Fowler* did not dismiss the plaintiff's rescission claim on the basis that she failed to allege ability to tender.  Rather, plaintiff's rescission claim was ultimately dismissed on the ground that it was filed after the expiration of the three-year limitations period.  Nonetheless, in its discussion, the *Fowler* court noted that "[d]ismissal of Plaintiff's rescission claim is also appropriate because the [first amended complaint] does not allege that Plaintiff is willing and able to tender her debt." 2011 WL 175506, at *8.  The court did not dismiss plaintiff's rescission claim on this basis because the plaintiff submitted a supplemental brief to the court in which she stated that "she is prepared to sell the [property] should the Court deem tender as a preliminary requirement to rescission." *Id.*

**Memorandum Opinion and Order - Page 21**

The inquiry does not end there, however, as Plaintiffs have also asserted claims for rescission outside the TILA, which Defendants fail to address.  *See* Orig. Pet. ¶ 61 (alleging right to rescission of loan agreement based on: all Defendants' failure to provide a mortgage loan origination agreement; fraudulent concealment; and public policy grounds").  Because the Plaintiffs do not state how the failure to provide a mortgage loan origination agreement or public policy grounds alone provide a basis for rescission, the court will construe their remaining claims for rescission as a claim for the equitable remedy of rescission based on fraud.

"Rescission is an equitable remedy that seeks to set aside an otherwise legal contract due to fraud, mistake, or for some other reason when it is necessary to avoid unjust enrichment of the non complaining party to the contract, so that the parties thereto may be restored, insofar as is possible, to the status or position they were in prior to execution of the contract." *City of The Colony v. North Tex. Mun. Water Dist.*, 272 S.W.3d 699, 732 (Tex. App.    Fort Worth 2008, pet. dism'd) (citations omitted).  "Rescission is thus, an 'undoing' of the contract and generally used as a substitute for monetary damages when such damages would not be adequate." *Id.* (citations omitted).  "At common law, rescission also generally requires notice and tender; that is, a plaintiff seeking to rescind a contract must give timely notice to the defendant that the contract is being rescinded and either return or offer to return the property he has received and the value of any benefit he may have derived from its possession." *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 816, 825 (Tex. 2012) (citing *Texas Emp'rs Ins. Ass'n v. Kennedy*, 143 S.W.2d 583, 585 (Tex. 1940)); *David McDavid Pontiac, Inc. v. Nix*, 681 S.W.2d 831, 836 (Tex. App.    Dallas 1984, writ ref'd n.r.e.).

Although Defendants have not moved for dismissal of Plaintiffs' claim for rescission outside the TILA, which the court has construed a claim for the equitable remedy of rescission based on

fraud, the court determines that because Plaintiffs have not prevailed in any of their underlying claims, this claim is now moot as they are not entitled to any remedy.  Accordingly, the court will dismiss this claim.

## I.     Declaratory Relief

Plaintiffs seek "declaratory relief that Defendants' purported power of sale is void and has no force or effect against the Subject Property."  Orig. Pet. ¶ 38.  In support of their claim for declaratory relief, Plaintiffs allege that Defendants' security interest in the Property "has been rendered void by operation of law, pursuant to 24 Code of Federal Regulations 3500.10, the Equal Opportunity Credit Act, the Federal Trade Commission Act, UDAP, TILA and RESPA."  *Id.* ¶ 36. Furthermore, Plaintiffs allege that "Defendants perpetrated a fraudulent loan transaction."  *Id.* Plaintiffs next allege that Defendants do not have standing to bring any foreclosure actions, as neither U.S. Bank or U.S. Bank Home has standing to foreclose on the property, as they are not the owner of the note securing the Deed of Trust.  *Id.*  Finally, Plaintiffs allege that the power of sale contained in the loan is of no force and effect because of "Defendants [sic] actions in the processing, handling and attempted foreclosure of this loan have contained numerous violations of State and Federal laws designed to protect borrowers." *Id.* ¶ 37.

Defendants argue that because all of Plaintiffs' underlying claims fail, they cannot maintain a declaratory judgment action against Defendants, and this claim must be dismissed.  Defs.' Mot. to Dismiss Pls.' Orig. Pet. 23.  According to Defendants, Plaintiffs cannot maintain a declaratory judgment action based on their allegation that U.S. Bank lacks standing to foreclose because this allegation has no basis in law or fact.  Defendants attempt to show that they have authority to foreclose on the property by referencing alleged assignments made between Universal to U.S. Bank,

which they have attached to their motion to dismiss.  The court, however, does not consider whether the Defendants had authority as mortgagees or mortgage servicers to foreclose on the Property based on the alleged assignments because copies of the alleged assignments were not attached to the Petition, and although they were attached to Defendants' Motion to Dismiss, they were not referenced in the Petition.  *See Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) ("[A] district court may consider documents attached to the motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim.").

Moreover, Defendants argue that Plaintiffs' requested declaratory relief is improperly duplicative of their substantive claims and, thus, warrants dismissal on this ground as well.  While the court agrees with Defendants that Plaintiff's request for declaratory relief is duplicative of some of their claims asserted in this action, the court determines, and Defendants acknowledge, that in their request for declaratory relief, Plaintiffs also casually reference other claims that are not clearly pleaded as causes of action in the Petition.  These include claims that Defendants' right to foreclose the Property has been voided by violations of the Code of Federal Regulations, the Equal Opportunity Credit Act, and the Federal Trade Commission Act.  Plaintiffs do not assert any supporting facts in connection with these allegations, nor do they attempt to establish a cognizable legal basis for recovery under these regulations and statutes.  Because Plaintiffs' claim for declaratory relief is based in part on claims for which the court has already determined that Plaintiffs have failed to state a claim (that is, that Defendants actions in the processing of the loan contained numerous violations of state and federal laws), and in part, on claims that Plaintiffs have not offered any basis in law or fact to suggest they may recover upon, the court determines that Plaintiffs have failed to state a claim for declaratory relief.

**Memorandum Opinion and Order - Page 24**

IV.     **Amendment of Pleadings**

Before addressing the relevant law, the court finds it necessary to underscore Plaintiffs'

conduct regarding the prosecution of this case.  As stated previously, Plaintiffs filed no response to

Defendants' Motion to Dismiss, which was due on September 28, 2012, pursuant to Local Civil Rule

7.1(e).  On December 4, 2012, Defendants U.S. Bank and Fannie Mae filed a notice with the court

that Plaintiffs had not filed a response to the motion to dismiss.  Despite Local Civil Rule 7.1(e) and

the two Defendants' notice, Plaintiffs have not responded to the motion to dismiss, even though they

participated in the filing of a Joint Stipulation of Dismissal on November 26, 2012, as to another

defendant.

In this case, Plaintiffs have not requested to amend their pleadings in the event the court

determined that they failed to state a claim.  The provision of Rule 15(a)(2) of the Federal Rules of

Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not

without limitation.  The decision to allow amendment of a party's pleadings is within the sound

discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*,

19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an

amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and]

futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563,

566 (5th Cir. 2003) (citation omitted).

Based on what has occurred, other than filing the initial pleading, Plaintiffs have shown

indifference toward the prosecution of this action.  Not only have Plaintiffs failed to respond to the

motion to dismiss after being put on notice, they have failed to seek leave to file a late response.

Moreover, Plaintiffs could have amended their pleadings as a matter of course within 21 days after

Defendants served their motion to dismiss on them.  Fed. R. Civ. P. 15(a)(1)(B).  They did not do

so.  Further, Plaintiffs never effected service on Universal and U.S. Home Bank Mortgage.  Given

Plaintiffs' indifference toward prosecution of this action, the court does not believe they should be

given a second chance to plead their claims for violations of the TDCPA; unconscionability;

rescission; and declaratory relief.  To do so, would award them for their inaction and indifference.

"District judges have the power to control their dockets by refusing to give ineffective litigants a

second chance to develop their case."  *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110

F.3d 253, 258 (5th Cir. 1997) (citation omitted).  Justice does not require the court to freely give

leave to amend under the facts and circumstances of this case.  Accordingly, the court will not allow

Plaintiffs an opportunity to replead their claims for violations of the TDCPA; unconscionability;

rescission; and declaratory relief.

## V.      Conclusion

For the reasons herein stated, the court concludes that Plaintiffs have failed to state a claim

upon which relief can be granted against Defendants for: (1) breach of the duty of good faith and fair

dealing; (2) breach of fiduciary duty; (3) violations of the TILA; (4) violations of the RESPA; (5)

violations of the TDCPA; (6) fraud; (7) unconscionability; (8) rescission; and (9) declaratory relief.

Accordingly, the court **grants** Defendants' Motion to Dismiss Plaintiffs' Original Petition, and all

claims are **dismissed with prejudice** as to Defendants U.S. Bank and Fannie Mae.  All claims

against Defendants Universal and U.S. Home Bank Mortgage are **dismissed without prejudice**, as

the court has no personal jurisdiction over these defendants.   The court will issue judgment by separate document as required by Federal Rule of Civil Procedure 58.

      **It is so ordered** this 3rd day of May, 2013.


                                        Sam A. Lindsay
                                        United States District Judge